UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-cr-00013-RLY-CMM |
| | ) | |
| DAVID NEIGHBORS | ) | |
| a/k/a VATO (02), | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO REDUCE SENTENCE**

A jury convicted David Neighbors of four drug trafficking offenses in 2008.  The court sentenced him to life in prison, which was the mandatory minimum because of his prior convictions.  In 2016, President Obama commuted Neighbors's sentence to 360 months.  Neighbors now requests a further reduction under the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2372 (2010) made retroactive by the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194, § 404(a) (2018).  For the reasons below, the court **GRANTS IN PART** and **DENIES IN PART** Neighbors's motion.

**I.    Background**

Lengthy sentences for crack cocaine offenses come from the Anti-Drug Abuse Act of 1986.  *See generally United States v. Shull*, 793 F.Supp.2d 1048, 1050 (S.D. Ohio 2011) (discussing the history of crack cocaine sentencing and the Anti-Drug Abuse Act of 1986); *United States v. Watts*, 775 F.Supp.2d 263, 266 – 67 (D. Mass 2011) (same).

1

Enacted during the "War on Drugs", the Anti-Drug Abuse Act cracked down on drug offenses, particularly those involving crack cocaine. *Kimbrough v. United States*, 552 U.S. 85, 94 – 95 (2007); *see also Dorsey v. United States*, 567 U.S. 260, 263 (2012) (noting the act imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount in crack cocaine).

Congress has since worked to remedy the harsh results of the Anti-Drug Abuse Act. In 2010, Congress passed the Fair Sentencing Act. *Dorsey*, 567 U.S. at 264; *see also United States v. Dodd*, 372 F.Supp.3d 795, 799 (S.D. Iowa 2019) (noting the Fair Sentencing Act was passed in an effort to remedy the disproportionately harsh sentences imposed for crack cocaine). The Fair Sentencing Act increased the amount of crack required to trigger certain penalties of imprisonment. *United States v. Shaw*, 957 F.3d 734, 736 – 37 (7th Cir. 2020); *United States v. Booker*, No. 07-CR-843-7, 2019 WL 2544247, at *1 (N.D. Ill. June 20, 2019) (citing *Dorsey*, 567 U.S. at 264). Relevant here, the Act changed the amount triggering a mandatory life sentence for someone with two prior offenses from fifty grams or more to 280 grams or more. *Id.* (citing 21 U.S.C. § 841(b)(1)(A)). The Fair Sentencing Act, however, did not apply retroactively, so those convictions prior to 2010 remained intact. *Shaw*, 957 F.3d at 737.

Congress addressed that problem with the First Step Act in 2018. The First Step Act makes retroactive the Fair Sentencing Act's sentencing ranges, allowing a court to impose a reduced sentence as if the Fair Sentencing Act was in effect at the time of the commission of the offense. Pub. L. No. 115-391 § 404(b); *Shaw*, 957 F.3d at 737; *Dodd*,

372 F.Supp.3d at 796.  This comes with two limitations.  The First Step Act only applies to "covered offenses".  Pub. L. No. 115-391 § 404(a); *Shaw*, 957 F.3d at 738.  A covered offense is one committed prior to August 3, 2010 and one whose statutory penalties were modified by the Fair Sentencing Act.  Pub. L. No. 115-391 § 404(a); *Booker*, 2019 WL 2544247 at *1.  The First Step Act also does not apply to a defendant who has already benefitted under the Fair Sentencing Act or who already has been previously denied a sentence reduction.  Pub. L. No. 115-391 § 404(c); *see Dodd*, 372 F.Supp.3d at 798.

Neighbors seeks a reduced sentence under both the Fair Sentencing Act and First Step Act.  In 2008, a jury found him guilty of one count of conspiracy to distribute fifty grams or more of crack cocaine; two counts of distributing five grams or more of crack cocaine; and one count of possession with intent to distribute fifty grams or more of crack cocaine.  (*See* Filing No. 304, Final Judgment).  Since Neighbors had three previous drug convictions and the government filed an information under 21 U.S.C. § 851, the court sentenced Neighbors to life imprisonment on all counts.  (*Id.*).  President Obama commuted Neighbors sentence in 2016, reducing his sentence from life in prison to 360 months.  Neighbors now requests another reduction.

## II.   Discussion

Every First Step Act request presents two questions.  Is the defendant eligible for relief?  And if so, is a reduction warranted in light of the factors set for the in § 3553(a)?  *Shaw*, 957 F.3d at 736.

Neighbors is eligible for a reduction because the Fair Sentencing Act modified the statutory penalties for his crack-cocaine offenses.  *Shaw*, 957 F.3d at 735.  On this point, Neighbors and the government agree.

The parties do not agree, however, on whether a reduction is warranted. Neighbors says the court should reduce his sentence to time served given the racial disparity in crack cocaine sentences, the time he has already served, and the improvement he has made while incarcerated.  The government opposes a reduction, highlighting that Neighbors's guideline range remains three-hundred sixty months to life[1] and that Neighbors was a "leader" in the underlying conspiracy.[2]

The court concludes a sentence reduction is warranted.  Neighbors is thirty-eight and has served 155 months out of his 360-month sentence.  While in prison, he has earned his GED and completed a number of educational courses, including two sixteen-hour courses in parenting.  (Filing No. 583-1, Progress Report at 1 – 2).  Neighbors has three children.  At the time of his arrest they were five, four and two; now they are seventeen, sixteen, and fourteen.  Neighbors has a good relationship with his children and talks with them regularly.  He wishes to play an active role in their life and steer them in

[1] Even though Neighbors's offense level dropped two points, the parties agree that his guideline range is still 360 months to life.  (Filing No. 583, Def. Opening Brief at 10; Filing No. 586, Gov't Brief at 7).

[2] Neighbors also requests a full resentencing hearing, but the First Step Act does not require one. *See United States v. Hamilton*, 790 F. App'x 824, 826 (7th Cir. 2020) (noting the Seventh Circuit has not decided the question, but "nothing" in the act requires a hearing); *see also United States v. Williams*, 943 F.3d 841, 843 (8th Cir. 2019) ("Section 404 of the First Step Act does not require a hearing."); *United States v. Alexander*, 951 F.3d 706, 709 (6th Cir. 2019) (holding a sentence reduction authorized by the First Step Act and 18 U.S.C. § 3582(c)(1)(B) does not require a resentencing hearing).

4

a positive direction.  Neighbors communicates regularly with his mother but does not have a relationship with his father.  In fact, he explains his upbringing was quite rough due to his father.  (*See* Filing No. 598, Reply Brief at 2 – 6).  The court also acknowledges that crack cocaine sentences prior to the Fair Sentencing Act were unduly harsh for black defendants.  *See Shaw*, 957 F.3d at 737 (noting the Fair Sentencing Act "reflected a recognition that the tremendous disparities in punishment of powder-cocaine and crack-cocaine offenses disparately impacted African Americans").  Based on these considerations, a below-the-guideline sentence is warranted.

A time-served sentence, though, would be a windfall.  Prior to the charges here, Neighbors had been convicted of multiple drug offenses, including possession of cocaine when he was seventeen.  He was a leader in this conspiracy and was responsible for nearly 3,400 grams of crack cocaine and 900 grams of powder cocaine.  The offense was serious and awarding him a time-served sentence would not promote respect for the law nor would be consistent with other crack-cocaine sentences imposed by this court.  The court must consider a sentence that will avoid unwarranted sentencing disparities for others.

Accordingly, the court reduces Neighbors sentence from 360 months to 240 months.  That is a significant reduction, but it is warranted in light of Neighbors' conduct in prison, his willingness to be a better father, and his tough upbringing.  It is also necessary, though, to punish him for being a leader in a large conspiracy, promote respect for the law, and to avoid sentence disparities among similar offenses.  The court declines to reduce his period of supervised release given his criminal background.

**III.     Conclusion**

Neighbors' Motion to Reduce Sentence is **GRANTED IN PART** and **DENIED IN PART**.  Neighbors sentence is reduced from 360 months to 240 months.  The court declines to reduce his period of supervised release and conduct a resentencing hearing. **SO ORDERED** this 31st day of August 2020.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.